# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE WINDELL,<br><br>Plaintiff<br><br>vs.<br><br>CORRECTION OFFICER LARRY BUTTS FRAZIER JR,<br><br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, Shane Windell ("Plaintiff"), by and through his attorneys, brings this Complaint against Defendant Larry Frazier ("Frazier"), and alleges as follows:

## NATURE OF THE ACTION

1. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983. Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States, including the right not to suffer from excessive force.

2. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over

Plaintiff's claims arising under State law, including but not limited to violations of his State Constitutional rights against Defendant Frazier, excessive force, assault, and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## PARTIES

4. Plaintiff is and has been incarcerated at Howard R. Young Correctional Center during the events described in the Complaint.

5. Correctional Officer Frazier is employed at Howard R Young Correctional Center. He is sued in his individual and official capacities.

6. At all times relevant to this Complaint, Defendant Frazier acted and continues to act under the color of law.

## GENERAL ALLEGATIONS

7. On November 2, 2022, Plaintiff asked Defendant Frazier to open cell 9 so he could come out and get his dinner.

8. In response, Defendant Frazier replied, "Shut up dumb ass white boy!".

9. After walking away, Plaintiff went to his door and asked Defendant

Frazier to open it so he could go in and make a cup of coffee. Defendant Frazier followed Plaintiff into his cell and repeatedly struck Plaintiff in the head, face, chest, and upper body.

10. Another correctional officer, Captain Hernandez, was in the housing unit at the time of the attack. Hernandez saw what was happening and pulled Defendant Frazier off of Plaintiff.

11. Plaintiff was seriously injured by the attack.

12. Instead of going to the infirmary for medical treatment, Plaintiff was punished by being sent to the "hole" where he was held for two days.

13. Plaintiff was sent to the "hole" for two days despite not receiving a "write-up" or rule violation to justify such a punishment.

14. As a result of Defendant Frazier's attack, Plaintiff suffered and continues to suffer from impaired vision in his right eye, impaired hearing in his right ear, and major bruising to his upper and lower right orbital.

15. In addition, Plaintiff has bruises and abrasions on his chin, forehead, and chest as well as bruising on his ribs and arms.

16. Plaintiff suffers from neck pain, back pain, and headaches.

17. Only photographs of the Plaintiff's face were taken after the attack. They include:






 

**COUNT I: DEPRIVATION OF FEDERALLY PROTECTED RIGHTS
4ᵀᴴ AMENDMENT AGAINST DEFENDANT FRAZIER (42 U.S.C. § 1983)**

18. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

19. The actions of Defendant Frazier were committed under the color of and authority of the State of Delaware and the Department of Correction, and while acting in his individual capacity as a correctional officer. The actions of Defendant recklessly disregarded and therefore deprived Plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment (excessive force) and 42 U.S.C.A. § 1983.

20. Plaintiff was thereby deprived of rights and immunities secured under

the Constitution and Laws of the United States, including but not limited to the right to be secure in this person, to be free from excessive use of force, and to be afforded due process and equal protection under the laws.

### COUNT II:  VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT FRAZIER (42 U.S.C. § 1983)

21. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

22. Defendant Frazier, by virtue of his employment by the Department of Corrections, is and was, at all times relevant to this Complaint, acting under color of state law.

23. Section 1983 of Title 42 of the United States Code provides that "Every person who, under the color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"

24. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.

25. The state has a duty to protect inmates from unwarranted

physical injury. Deliberate indifference to an inmate's safety constitutes cruel and unusual punishment prohibited by the Eighth Amendment.

26.  The actions of Defendant Frazier were performed with deliberate indifference and exposed Plaintiff to an unreasonable risk of serious harm in violation of the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment.

### COUNT III: ASSAULT AGAINST DEFENDANT FRAZIER

27.  The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

28.  The above-described illegal assault of Plaintiff constitutes an assault and battery by Defendant Frazier, as a result of which Plaintiff was physically injured as well as sustaining severe and significant emotional distress.

29.  The above-described illegal detention and arrest of Plaintiff constitutes an assault and battery by Defendant Frazier as a result of which Plaintiff was injured and sustained severe and significant emotional distress including loss of appetite, inability to sleep, anxiety, depression, and post-traumatic stress.

30.  The incident described above has also resulted in injuries to the Plaintiff requiring psychological attention. The Plaintiff has suffered and will suffer in the future from permanent residuals.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

31. For compensatory and punitive damages against Defendant Frazier in an amount to be determined at trial;

32. For injunctive relief ordering Defendant Frazier not to be assigned to the building in which Plaintiff is housed and otherwise refrain from coming into contact with Plaintiff;

33. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and the laws of the United States, as well as costs of suit; and

34. For any equitable or other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all matters to which he is entitled to a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**THE POLIQUIN FIRM, LLC**

By: */s/ Ronald G. Poliquin*
Ronald G. Poliquin, Esquire
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501
*Attorney for Plaintiff Shane Windell*

Date: December 4, 2023